# United States District Court, Northern District of Illinois

(Opion)

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2503 | **DATE** | 8/11/10 |
| **CASE TITLE** | Randy Lee Rainge (B-06493) v. Roger Walker, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's amended complaint is dismissed as time-barred. All other pending motions are denied as moot. This case is closed.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Randy Lee Rainge (B-06493), currently incarcerated at Dixon Correctional Center, has filed an amended complaint as instructed by the Court in its 5/11/10 order. Plaintiff again asserts that he was a "jailhouse lawyer" and assisted other inmates in drafting grievances and complaints against prison officers. Plaintiff contends that officers retaliated against him because of this. Plaintiff names former Stateville Warden Diedre Battaglia, Stateville Officer Major Jude Goble, Adjustment Committee MemberAdrienne Johnson, and Investigator Jude Evans as Defendants.

Plaintiff states a history of retaliation at Stateville from 1998 to 2006 when he was transferred from Stateville to Pontiac. Plaintiff contends that in December 1998 he was forced to stand outside in below freezing weather wearing only boxer shorts and a t-shirt. Sometime later, Major Goble was assigned to Unit C and began harassing Plaintiff. In 2005, Plaintiff's cell was searched by Officer Jude Evans and a false disciplinary ticket was issued against Plaintiff. In 2006, Adjustment Committee Member Adrienne Johnson found Plaintiff guilty of the disciplinary charge and sentenced him to segregation. He indicates that he was unable to obtain a vegan meal while in segregation, which he required for religious reasons, and that he lost his prison job. Plaintiff states that he filed a grievance, but never received a response.

In 2006, Plaintiff was transferred to Pontiac, where he was unable to obtain medication for pink eye and was denied psychiatric medications.

The claims concerning events at the Pontiac Correctional Center are not properly before this Court. Pontiac is in Livingston County, which is in the Central District of Illinois. *See* 28 U.S.C. § 93(b) and § 1391(b) (a suit must be brought either where the defendants reside or where the claims arose). Also, the claims from Pontiac are unrelated to the claims that arose at Stateville. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("unrelated claims against different defendants belong in separate suits"). Venue is proper only with respect to the claims from Stateville. However, it is clear from Plaintiff's pleadings that those claims are time-barred.

**(CONTINUED)**

isk

| STATEMENT |
|---|

In § 1983 actions, federal courts apply the forum state's statute of limitations period, including tolling and equitable tolling doctrines. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). The limitations period for retaliation claims in Illinois is two years. *Northen v. City of Chicago*, 126 F.3d 1024, 1026 (7th Cir. 1997); *Tullis v. Detella*, 1999 WL 90650, 1, No. 98 C 352(N.D. Ill. 1999) (Holderman, J.) (citing 735 ILCS § 5/13-202). The limitations period is tolled while an inmate exhausts administrative remedies. *Johnson*, 272 F.3d at 521.

In this case, Plaintiff states that he was transferred from Stateville in 2006. Illinois Department of Corrections records confirm that he was transferred from Stateville to Pontiac on April 19, 2006. Plaintiff's claims of retaliation at Stateville, at the latest, ended on that date. On June 20, 2006, Plaintiff filed a grievance from Pontiac about retaliation at Stateville. (R. 6, Amended Compl. Exh. A.) Specifically, he challenged a 2/22/06 disciplinary action from Stateville. (*Id.*) Plaintiff indicates that he filed his grievance with the Administrative Review Board, which was the proper procedure given that he was challenging a disciplinary action from another prison. *See* 20 IL Admin. Code § 504.70(a)(3) ("offenders shall submit grievances directly to the Administrative Review Board when grieving . . . .[d]ecisions regarding disciplianry proceedings that were made at a facility other than the facility where the offender is currently assigned"). Under Illinois law, decisions of the Administrative Review Board should result in a final determination within six months after receipt of the grievance. 20 IL Admin. Code § 504.70(b); § 504.50. Administrative remedies are deemed exhausted when prison officials fail to respond to a grievance. *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002).

With respect to Plaintiff's June 20, 2006, grievance, a decision should have been rendered by December 20, 2006. Plaintiff states that he never received a response to his grievance. His administrative remedies were thus exhausted by the end of 2006. Plaintiff contends that he wrote letters requesting a response and that he "waited patiently for (3) consecutive years to be informed of the final conclusion." (R. 6, Amended Compl. at 20.) Although a prisoner should wait for exhaustion of administrative remedies, in this case, Plaintiff waited too long.

Plaintiff did not file the instant suit until April 2010, more than three years and four months after the date he should have received a response. Even if the Court construed his administrative remedies not exhausted until December 2006, the latest Plaintiff should have filed the instant case was in December 2008. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008) (the Seventh Circuit indicated that a § 1983 complaint filed two years following the time administrative remedies could be considered exhausted might be timely). Plaintiff's alleged letters to the ARB may have allowed tolling for a short period of time, but waiting over three years for a response to one grievance to file a § 1983 suit clearly demonstrates a lack of diligent efforts to puruse a claim. *See Savory v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006) (equitable tolling may apply and a late filing of a claim may be excused where the limitations period expired through no fault or lack of diligence on the part of the plaintiff).

Because it is clear from Plaintiff's pleadings that his claims are time-barred, the Court dismisses the amended complaint on initial review. 28 U.S.C. § 1915A; *Walker v. Thompson*, 288 F.3d 1005, 1010-11 (7th Cir. 2002) (a court may dismiss a complaint on initial review based upon the affirmative defense of time-bar "when the existence of a valid affirmative defense is so plain from the face of the complaint"). All pending motions are deied as moot. This case is closed.